# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

CAROLINA CASUALTY INSURANCE COMPANY,

          Plaintiff,

    v.                                 Case No. 09-CV-66

PETER T. ELLIOTT; PHIL ELLIOTT, JR.;
ANTHONY J. STASKUNAS;
ELLIOTT, ELLIOTT & STASKUNAS;
ASSOCIATED BANK NATIONAL ASSOCIATION;
BETHANY EVANGELICAL LUTHERAN CHURCH; and
ERWIN WEHSE,

          Defendants.

_____

# ORDER

On January 15, 2009, the plaintiff, Carolina Casualty Insurance Company ("Carolina Casualty"), an Iowa corporation with its principal place of business in Florida, filed a complaint in this court against defendants Peter T. Elliott and Associated Bank National Association ("Associated Bank"). (Docket #1). After a series of delays, the plaintiff amended its complaint on June 2, 2009, to include a host of defendants. (Docket #30). The defendants named in the amended complaint consist of a wide cast of characters. Defendants Peter T. Elliott, Phil Elliott Jr., and Anthony J. Staskunas were members of the law firm of Elliott, Elliott & Staskunas ("EE&S"), a partnership based in West Allis, Wisconsin. Defendant Associated Bank is a national banking association with its principal place of business located in Green Bay, Wisconsin, and with whom EE&S had an Interest Only Lawyers Trust Account ("IOLTA account"). In a state case pending in Milwaukee

County Circuit Court (Case No. 08-CV-016735), Associated Bank has sued EE&S and the three partners, alleging that Peter Elliot used the firm's IOLTA account to overdraw money and steal millions of dollars from the bank. Associated Bank is not the only party who has a beef with EE&S. Defendant Bethany Evangelical Lutheran Church ("Bethany Church"), a Lutheran church located in Milwaukee, Wisconsin, has filed a similar complaint in Milwaukee County Circuit Court (Case No. 09-CV-005095) against EE&S and the three partners alleging the misappropriation of proceeds from a sale of the church's property that the law firm facilitated. Similarly, defendant Erwin Wehse ("Wehse") has filed a suit in Milwaukee County Circuit Court (Case No. 09-CV-005767) against EE&S and the three partners alleging that the law firm stole the proceeds from the sale of Wehse's property. All of the Wisconsin state cases exclusively involve state law based claims. Carolina Casualty brought the current complaint because the company issued a "Lawyers' Liability Policy" to EE&S in June of 2008, and the insurance company asks the court to rescind that contract (Count I) and declare that the company has no duty to defend or indemnify EE&S or the three partners regarding any of the three lawsuits pending in Wisconsin state court (Counts II, III, IV, V, VI). (Docket #30).

The case became considerably more complicated when the defendants filed their answers to Carolina Casualty's complaint. In their answers, defendants Associated Bank and Wehse raised a myriad of cross-claims against EE&S and the three partners. The cross-claims are all state-based claims and are identical to the

-2-

claims that the two defendants raised in their state court cases against the law firm and the three partners. At the same time, defendant Bethany Church has not opted to file any cross-claims. (Docket #65). On September 1, 2009, Chief Judge Clevert reassigned the case to this branch of the court. (Docket #61). Defendants Phil Elliott Jr., Anthony J. Staskunas, and EE&S have moved to dismiss the cross-claims (Docket #47). To determine whether the court should dismiss the cross-claims, it is appropriate for the court to first examine how such claims – state law claims between parties that are all from the state of Wisconsin – are before this court.

It is a familiar axiom that "federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A federal court possesses "only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree." *Id.* Here, the only means by which this court could have jurisdiction over the cross-claims is through the court's supplemental jurisdiction.[1] 28 U.S.C. § 1367 provides the court with supplemental

_____

[1] No party argues that the court has jurisdiction over the cross-claims through the court's federal question or diversity jurisdiction, as all of the cross-claims are state law claims between citizens of Wisconsin. The original claims for rescission and a declaratory judgment are the only ones that either party asserts fall under the court's original jurisdiction, allowing the court to hear the cross-claims through the court's supplemental jurisdiction. 28 U.S.C. § 1367 ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution"). The original claims were brought under the Declaratory Judgment Act, 28 U.S.C. § 2201(a). However, that act itself cannot confer subject matter jurisdiction upon a federal court. *Ceres Terminals, Inc. v. Indus. Comm'n of Ill.*, 53 F.3d 183, 185 (7th Cir. 1995). Instead, a declaratory judgment plaintiff must establish an independent basis for subject matter jurisdiction. *Calderon v. Ashmus*, 523 U.S. 740, 744 (1998). The plaintiff asserts that the court has subject matter jurisdiction over the original claims through its diversity jurisdiction under 28 U.S.C. § 1332, because Carolina Casualty and the defendants are from different states. The complaint is unclear on whether the plaintiff's claims satisfy the "amount in controversy" requirement, and the overall issue of subject matter jurisdiction for the original claims may become the subject of a future order by the court. As such, the court will deny the plaintiff's motion for entry of default judgment against Peter T. Elliott (Docket #53) as premature. Nonetheless, the court can resolve the current motion without having to delve into the bigger issue regarding subject matter jurisdiction.

Case 2:09-cv-00066-JPS    Filed 01/21/10    Page 3 of 8    Document 68

jurisdiction over state law claims that are so related to the claims over which the court has original jurisdiction, so as to be part of the same case or controversy. A federal court has discretion to decline exercising supplemental jurisdiction over a claim. Specifically, 28 U.S.C. § 1367(c) provides that "district courts may decline to exercise . . . jurisdiction . . . if . . . the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." In *United Mine Workers v. Gibbs,* the source for the supplemental jurisdiction statute, the Supreme Court articulated the factors for determining whether claims "substantially predominate" over a claim in which the district court has original jurisdiction. 383 U.S. 715 (1966). To determine whether a pendant state claim substantially predominates, the court must look to the terms of proof the state claim requires, the scope of the issues raised by the supplemental claim, and the comprehensiveness of the remedy sought by the state claim. *Id.* at 726-27. In general, the question of whether state law claims would predominate "should be answered by looking to the nature of the claims as set forth in the pleading and by determining whether the state law claims are more complex or require more judicial resources to adjudicate, or are more salient in the case as a whole than the federal law claims." 16-106 *Moore's Federal Practice* - Civil § 106.65.

In this case, the court finds that the cross-claims brought by Associated Bank and Wehse "substantially predominate over" the original claim, necessitating that this court decline to exercise its jurisdiction over the pendant claims. Having the court

entertain the cross-claims would transform this case from a simple case about contract interpretation into massive dispute requiring the court to resolve factual questions entirely orthogonal to the original claim. The six original claims made by Carolina Casualty are narrow in scope. The rescission claim necessitates the resolution of whether the law firm or its partners failed to disclose any potential professional liability claims that could have been made against the firm or its lawyers. (Am. Comp. ¶¶ 45-61). The remaining counts require the court to resolve whether Carolina Casualty has a duty to defend or a duty to indemnify the law firm and the three partners with respect to their litigation with the bank, church, and Wehse. The duty to defend will be decided by determining whether the allegations in the various state law complaints obligate the insurance company to pay for the law firm and the partners' legal expenses, requiring the court to interpret the meaning of various clauses in the liability policy. (Am. Compl. ¶¶ 62-71). To determine whether Carolina Casualty has a duty to indemnify the partners and EE&S, a judgment must first be entered against the insured, and then, the court must resolve whether any of the policy's exclusions for coverage, such as when the act at issue was "dishonest, fraudulent, criminal, or malicious," apply. (Am. Compl. ¶¶ 72-83). In sum, the original claims brought by Carolina Casualty are fairly narrow, in that they require findings on: (1) whether the insured's duty to disclose was breached; (2) whether an adverse judgment has been entered against the insured; and (3) the meaning of various clauses in the policy. Notably, to resolve the original claims in

the amended complaint, the court does not need to delve deeply into the factual issues of the alleged improprieties of EE&S or its individual partners. The cross-claims, however, would thrust this court into three separate cases, forcing the court to render decisions on seemingly countless Wisconsin laws, including the Wisconsin theft statute, Wisconsin law regarding the issuance of worthless checks, the Uniform Partnership Act, Wisconsin agency law, and Wisconsin law regarding negligent supervision, each with remedies that differ severely from those predicated on the original claims in this action. More importantly, the court, by entertaining the pendant claims, would dramatically broaden the scope of the current case, forcing the court to settle complicated factual questions regarding EE&S's relationship with Associated Bank and Wehse.

Moreover, the interests of "judicial economy, convenience, and fairness," *Parrent v. Midwest Rug Mills, Inc.*, 455 F.2d 123, 129 (7th Cir. 1972), warrant the court declining to exercise jurisdiction over the pendant cross-claims. Discovery is underway in the Wisconsin state court cases, and regardless of whether this court allows the pendant claims to proceed in this case, the state cases will continue, making litigation in multiple forums inevitable. While forcing the law firm and its former partners to litigate the full extent of the state law claims in multiple arenas might strengthen the hands of Associated Bank and Wehse, the court declines to expend limited federal judicial resources to promote the strategic choices of two of the defendants. "Simultaneously continuing litigation in two forums will not promote

-6-

judicial economy, efficiency, or the expeditious resolution of this case and can only risk piecemeal litigation." *Mark Travel Corp. v. Walter*, No. 09-CV-101, 2009 U.S. Dist. LEXIS 115506, at *17 (E.D. Wis. Dec. 11, 2009) (citing to *Day v. Union Mines, Inc.*, 862 F.2d 652, 659 (7th Cir. 1988) ("Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results")). Dual proceedings on the cross-claims will likely result in a "grand waste of efforts by both the court and parties in litigating the same issue . . . in two forums at once," and, as such, dismissal of the cross-claims by this court is the best option. *Id.* Additionally, if the original claims are all that remain, the burden on Associated Bank and Erwin Wehse of litigating in this court will be quite minimal because of the limited scope of the original claims.

In sum, pendant jurisdiction is a doctrine of discretion, not of right. *Gibbs,* 383 U.S. at 726. In this court's discretion, the best way to resolve the cross-claims is to allow the federal litigation to focus on the original claims brought by Carolina Casualty, while the state court cases resolves the state law claims raised in the cross-claims.

Accordingly,

**IT IS ORDERED** that plaintiff Carolina Casualty's motion for default against Peter T. Elliott (Docket #53) be and the same is hereby **DENIED** as premature;

**IT IS FURTHER ORDERED** that defendants Phil Elliott, Jr., Anthony J Staskunas, and Elliott, Elliott & Staskunas's motion to dismiss (Docket #47) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that defendants Associated Bank's and Erwin Wehse's state law cross-claims be and the same are hereby **DISMISSED** without prejudice.

Dated at Milwaukee, Wisconsin, this 21st day of January, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge