# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

CAROLINA CASUALTY INSURANCE COMPANY,

        Plaintiff,

v.                                                               Case No. 09-CV-66

PETER T. ELLIOTT,
ASSOCIATED BANK NATIONAL ASSOCIATION,
PHIL ELLIOTT, JR., ANTHONY J. STASKUNAS,
ELLIOTT, ELLIOTT & STASKUNAS,
BETHANY EVANGELICAL LUTHERAN CHURCH,
and ERWIN WEHSE,

        Defendants.

_____

# ORDER

On November 30, 2010, Associated Bank National Association ("Associated Bank") filed a motion pursuant to Civil L.R. 7(h) to compel co-defendant Elliott, Elliott & Staskunas ("EE&S") to answer interrogatories and appear for depositions with regard to the above-entitled action. (Docket #86). Associated Bank states in its motion to the court that on September 2, 2010, the bank served EE&S with interrogatories and document requests. (Associated Bank's Mot. at 2). Moreover, the bank avers that EE&S's responses "were not verified by an officer or agent of EE&S," and, despite Associated Bank's demands, EE&S refused to verify its responses because of its contention that EE&S as an entity "does not exist." *Id.* Associated Bank's attempt to depose a representative of EE&S were similarly unsuccessful, as the counsel for EE&S similarly asserted that "EE&S would not produce a 30(b)(6) witness . . . because EE&S 'does not exist.'" *Id.* Ultimately,

Associated Bank argues that EE&S, a party who is represented by counsel and was, at the time of the filing of the motion to compel, seeking affirmative relief in this court, cannot disclaim its own existence to avoid discovery. *Id.* at 3. On December 3, 2010, EE&S filed a response to the motion to compel (Docket #88) and, with the benefit of the parties' briefs, the court is prepared to address the matter.

The court first looks to the question of whether EE&S was required to respond to Associated Bank's written interrogatories. The federal rules allow a party "to serve on any other party no more than 25 written interrogatories." Fed. R. Civ. P. 33(a)(1). Moreover, if an interrogatory is served on a party, and that party is a "public or private corporation, a partnership, an association, or a government agency," the interrogatories "must be answered" by an officer or agent of that organization. Fed. R. Civ. P. 33(b)(1)(B). The resolution of the dispute over responding to interrogatories is quite simple. EE&S is a party to this litigation. "It is undisputed that a party has a duty to provide all information available to" it in answering interrogatories. *Trane Co. v. Klutznick*, 87 F.R.D. 473, 476 (W.D. Wis. 1980) (Warren, J.). Accordingly, an officer or an agent of EE&S must provide all information a given agent has available to him or her in answering Associated Bank's interrogatories.

EE&S argues that because a Wisconsin state court has ruled that EE&S as an entity is not a partnership under the laws of the state of Wisconsin, the issue of whether the entity has to answer an interrogatory is "resolved." (EE&S's Resp. Br.

at 1). Whether or not EE&S is a partnership, is almost wholly irrelevant to the issue before the court. Partnerships are not the only organization that must answer interrogatories in the course of federal litigation. Indeed, the federal rules contemplate that interrogatories can be served on an unincorporated "association" that is a party to the case. Fed. R. Civ. P. 33(b)(1)(B). An association is a broad term, referring to "mere collections of individuals" who have joined together for a common purpose. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461, 100 S. Ct. 1779 (1980); *see also* 6 Am Jur 2d Associations and Clubs § 1 ("An 'association' is a collection of persons who have joined together for a certain object."). While there may be doubt that EE&S is a partnership, there is no doubt that EE&S is an association, as EE&S readily admits that it was the vehicle for a "contractual office expense relationship." (EE&S's Resp. Br. at 1). Accordingly, as an association who is a party in this matter, EE&S "is subject to discovery through interrogatories," 7-33 Moore's Federal Practice - Civil § 33.20, and the service of the interrogatories obliged EE&S to appoint "an agent who could . . . furnish such requested information" as was available to the entity.[1] *United States v. Kordel*, 397 U.S. 1, 8,

---

[1] EE&S claims that it was forced to respond to Carolina Casualty's complaint or risk default. The court is unclear of the problem of EE&S being held in default, if, as the defendant argues, it is not a legal entity being capable of being held liable. Moreover, EE&S had a clear option besides ignoring the complaint or participating in this litigation as an answerer and cross-claimant: if EE&S is indeed not a suable entity and wanted to avoid participating in discovery, then EE&S should have moved to dismiss this action for failure to state a claim before filing an answer in this matter. At this late stage of the litigation, however, EE&S is now subject to discovery, as parties prepare dispositive motions.

90 S. Ct. 763 (1970). As such, the court will grant the motion to compel with respect to requiring EE&S to provide verified interrogatory responses.[2]

The court proceeds to evaluate the second issue, whether EE&S should be compelled by this court to provide a Fed. R. Civ. P. 30(b)(6) deponent. Fed. R. Civ. P. 30(b)(6) permits a party to name as a deponent "a public or private corporation, a partnership, an association, a government agency or other entity." The rule further requires the named organization to designated an agent to testify on the organization's behalf. Fed. R. Civ. P. 30(b)(6). Moreover, the "persons designated [by the given organization] must testify about information known or reasonably available to the organization." *Id.* EE&S asserts, again, that it cannot produce a 30(b)(6) witness because "EE&S does not and has never existed as a legal entity," but merely is a "shorthand name for an office sharing agreement." (EE&S's Resp. Br. at 2). The court has addressed this issue above, in that the Federal Rules provide broad authority for associations to be subjected to discovery. Moreover, the court notes that in 2007, Fed. R. Civ. P. 30(b)(6) was amended to include the words "or other entity," to "ensure that the deposition process could be used with *any* organization 'no matter what abstract fictive concept' describes it." 7-30 Moore's Federal Practice - Civil § 30.25 (quoting Fed. R. Civ. P. 30(b)(6) advisory

---

[2] The court notes that its order is unaffected by the stipulation of dismissal of EE&S's counterclaim. While Associated Bank's interrogatories directly ask questions related to EE&S's counterclaims against Carolina Casualty, the subject matter of the withdrawn counterclaims is appropriate for discovery regarding Carolina Casualty's claims against the various defendants, which pray for declaratory relief regarding the same contract that was at the heart of EE&S's counterclaims. *See* Fed. R. Civ. P. 26(b) ("*Parties* may obtain discovery regarding any nonprivileged matter that is relevant to *any party's* claim or defense") (emphasis added).

committee's note (2007)). In short, not withstanding EE&S's attempts to disclaim its legal existence, the Federal Rules clearly envision entities like EE&S being subjected to discovery via a deposition.

EE&S argues that "even if there was an entity known as EE&S . . . there are only three people who could possibly provide information," three parties who have already been deposed. (EE&S's Resp. Br. at 2). However, it is legally insignificant that the members who formed EE&S have already been deposed in this matter, just as it would be irrelevant for a corporation attempting to avoid producing a 30(b)(6) witness to claim that an agent of the corporation had already been deposed. Fed. R. Civ. P. 30(b)(6) allows business entities to be deposed through a designated agent, a means of discovery that EE&S is currently obstructing. While Mr. Elliott and Mr. Staskunas may be cooperating with this litigation in their individual capacities, the record is clear that they are not cooperating with regard to allowing discovery with regard to the entity that is known as EE&S. Moreover, the fact that there are members who are attached to EE&S that are willing to provide deposition testimony in this matter only indicates to the court that EE&S is just playing games with discovery. More broadly, it appears to the court the EE&S and the individuals who formed the entity known as EE&S want to have their proverbial cake and eat it, too: for EE&S, the entity "existed" for purposes of the office sharing arrangement and for purposes of asserting a counterclaim in this court, but does not "exist" for

purposes of participating in discovery. As such, the court will grant the motion to compel EE&S to produce a 30(b)(6) deponent.[3]

Fed. R. Civ. P. 37(a)(5)(A) provides that, if a party's motion to compel is granted, the court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The Court may not order payment if the movant did not meet and confer before filing the motion, if the opposing party's response was substantially justified, or if other circumstances make an award unjust. *Id.* As such, Associated Bank should file a fee petition for the motion to compel within **fourteen days** of this order, allowing EE&S to respond within **seven days** thereafter.

Accordingly,

**IT IS ORDERED** that defendant Associated Bank National Association's "Rule 7(h) Expedited Non-Dispositive Motion to Compel and for Sanctions" (Docket #86) be and the same is hereby **GRANTED**;

---

[3] Again, the court notes that this ruling is made in light of the stipulation to dismiss EE&S's counterclaim, as the court has the discretion to order "discovery of matter . . . relevant to the subject matter involved in [this] action," Fed. R. Civ. P. 26(b)(1), which includes discovery related to EE&S's withdrawn counterclaim. However, while Associated Bank is entitled to EE&S's responses to its discovery requests, Associated Bank's discovery requests still must be "neither unreasonable nor unduly burdensome . . . considering . . . prior discovery in the case." Fed. R. Civ. P. 26(g)(1)(B)(iii). As such, Associated Bank should contemplate whether it should continue insisting on EE&S responding to the discovery requests even in light of this order.

**IT IS FURTHER ORDERED** that defendant Elliott, Elliott & Staskunas be and the same is hereby **COMPELLED** to provide verified interrogatory responses and produce a 30(b)(6) deponent; and

**IT IS FURTHER ORDERED** that, unless the parties have already agreed upon the amount of fees by then, defendant Associated Bank shall file its fee petition for its motion to compel within **fourteen days** of the date of this order and defendant Elliott, Elliott & Staskunas may respond within **seven days** thereafter. No reply is necessary.

Dated at Milwaukee, Wisconsin, this 7th day of December, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge